UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

THOMAS BAILEY,

                Plaintiff,

      -against-

NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, THERESA EGAN, in her official capacity as Executive Deputy Commissioner of the Department of Motor Vehicles and GREGORY KLINE, in his official capacity as Executive Deputy Commissioner of Administration of the Department of Motor Vehicles.

                Defendants.
------------------------------------------------------------------ x

**COMPLAINT FOR DECLARITIVE AND INJUNCTIVE RELIEF**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to compel THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES (DMV) to make an accommodation that would result in the issuance of a driver's license to Thomas Bailey ("Plaintiff")

## JURISDICTION AND VENUE

2. This action is brought pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3),(4), and 42 U.S.C. § 12133 to hear plaintiff's claims arising under Title II of the ADA and Section 504.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

4. Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff is a resident of Rockland County in the City and State of New York. Plaintiff has anxiety disorder and agoraphobia and is an individual with a disability for purposes of the ADA and Section 504.

6. Defendant DMV is an agency authorized and existing under the laws of the State of New York. DMV issues identity documents, delivers essential motor vehicle and driver-related services, and administers motor vehicle laws enacted to promote safety and protect consumers. DMV is a public entity for purposes of Title II of the ADA and receives federal financial assistance for purposes of Section 504.

7. Theresa Egan is the Executive Deputy Commissioner of the DMV.

8. Gregory Kline is the Deputy Commissioner for Administration of the Department of Motor Vehicles.

## STATEMENT OF FACTS

9. Plaintiff is a resident of Rockland County, New York.

10. Due to the disabilities presented by anxiety disorder and agoraphobia, plaintiff is prevented from travelling more than a few miles from his home.

11. In October, 2018, plaintiff's drivers license ("license") expired. When plaintiff applied for renewal, he was told that a photograph on his license was required and that only a photograph taken by DMV sufficed.

12. Previously, plaintiff had been issued licenses without a photograph.

13. Plaintiff explained that he was unable to go to a DMV office to be due to travel limitations imposed by his disability.

14. Plaintiff asked DMV to make an accommodation.

15. Plaintiff personally and through his representative, made numerous requests to various individuals within the DMV; including the Designee for Reasonable Accommodation Officer in the DMV's Affirmative Action.

16. A DMV official suggested plaintiff travel to offices well beyond an attainable range. When plaintiff explained this impossibility further inquiries were ignored.

17. Plaintiff can no longer legally drive, and thus harmed by the DMV's failure to make services available to him on nondiscriminatory terms.

18. If a usable photograph of plaintiff were available, plaintiff could be issued a license immediately.

**FIRST CLAIM**
**DISABILITY-BASED DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12131 ET SEQ.**

19. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

20. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

21. Pursuant to the regulations implementing Title II of the ADA, a public entity may not, in providing any aid, benefit, or service: "[d]eny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service[,] [a]fford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others[,]" or "[p]rovide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others[.]" 28 C.F.R. §§ 35.130(b)(1)(i)–(iii).

22. The regulations implementing Title II of the ADA further require that public entities "take appropriate steps to ensure that communications with applicants, participants, [and] members of the public … with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1).

23. The regulations implementing Title II of the ADA further require that public entities avoid unnecessary policies, practices, criteria or methods of administration that have the effect or tendency of excluding or discriminating against persons with disabilities. 28 C.F.R § 35.130(b)(3), (8).

24. The issuance of Licenses is a service provided by defendants.

25. By failing to make a license accessible and obtainable to plaintiff., Defendants have violated and continue to violate Title II of the ADA.

26. Plaintiff is entitled to injunctive relief, declarative relief, and attorneys' fees and costs.

## SECOND CLAIM

### DISABILITY-BASED DISCRIMINATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT 29 U.S.C. § 794

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants Section 504 mandates that "[n]o otherwise qualified individual with a disability… shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

29. Section 504 defines "program or activity" as including "all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government; or the entity of such State or local government that distributes such assistance and each such department or agency (and each other

State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government ….." *Id.* At § 794(b)(1).

30. Federally funded programs and activities may not, in providing aids, benefits, or services, "[a]fford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," nor may such programs and activities provide qualified handicapped persons with "an aid, benefit, or service that is not as effective as that provided to others." 45 C.F.R. § 84.4(b)(1)(ii)–(iii).

31. The issuance of Licenses is an activity of defendants and defendants receive federal funds

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

33. Plaintiff is entitled to declarative relief and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this court:

(a) Issue an order requiring that Defendants make available a method for Plaintiff to have his photograph taken sufficient to allow a license to be issued to Plaintiff;

Case 1:19-cv-02631-JGK   Document 1   Filed 03/25/19   Page 7 of 7

    (b) Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205; and

    (c) Such other and further relief as this Court deems just and proper.

DATED:    March 25, 2019
              New York, New York

                                                  _____/s_____
                                                  Robert Marinelli
                                                  305 Broadway, Suite 1001
                                                  New York, New York 10007
                                                  (212) 822-1427
                                                  robmarinelli@gmail.com

                                                  *Attorney for plaintiff*